# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC DIAZ, : | |
|    Petitioner : | |
| : | No. 1:21-cv-1145 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN BRIGGS, : | |
|    Respondent : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s petition for writ of habeas corpus. For the reasons that follow, the petition will be dismissed without prejudice.

**I. Background and Procedural History**

Diaz, who has pleaded guilty to child pornography charges in the Dauphin County Court of Common Pleas, is currently awaiting sentencing in that court. *See Commonwealth v. Diaz*, No. CP-22-CR-0003178-2017.[1] He brings the instant habeas corpus petition seeking a court order requiring the state trial court to "conduct another duly and properly scheduled suppression hearing in order to protect [his] Due Process Rights." (Doc. No. 1 at 7.) Diaz asserts that such habeas corpus relief is proper because (1) the previous suppression hearing was erroneously scheduled as a status conference; (2) the hearing was conducted while Diaz's interlocutory

---

[1] The court may consider the Dauphin County docket sheet because it is a matter of public record.

appeal to the Pennsylvania Superior Court was pending; (3) the judge who presided over the hearing was "disqualified" to do so; and (4) the Superior Court quashed his interlocutory appeal. (Doc. No. 1.) Diaz acknowledges that he did not exhaust available state court remedies prior to filing his petition, noting that he did not appeal to the Pennsylvania Supreme Court because he "had reservations of how long Appeals take to get resolved" by that court. (*Id.* at 3.)

**II. Discussion**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

In this case, Diaz is plainly not entitled to habeas corpus relief. When a petitioner seeks habeas corpus relief prior to a final conviction and sentence in state court and the petitioner has not exhausted state court remedies, a federal court may only entertain the petition in "extraordinary circumstances." *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Here, Diaz has failed to show such extraordinary circumstances, as he has failed to explain why the alleged errors arising from the suppression hearing could not be corrected through ordinary error correction on direct appeal. Accordingly, because he has failed to show the extraordinary

circumstances necessary for the court to grant habeas corpus relief, the court will dismiss his petition without prejudice.

## III. Conclusion

For the foregoing reasons, Diaz's petition for writ of habeas corpus is dismissed without prejudice. An appropriate order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 25, 2021