IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DIAZ, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1145 |
|     v. | : | |
| | : | (Judge Rambo) |
| WARDEN BRIGGS, | : | |
|     Respondent | : | |

**MEMORANDUM**

Presently before the court is *pro se* Petitioner Eric Diaz ("Diaz")'s motion for reconsideration. For the reasons that follow, the motion will be denied.

**I. Background and Procedural History**

On June 28, 2021, Diaz initiated this case through the filing of a petition for writ of habeas corpus. (Doc. No. 1.) At the time he filed the petition, Diaz was facing pending criminal charges in the Dauphin County Court of Common Pleas. (*Id.*) He sought habeas corpus relief directing the state court to conduct a second suppression hearing based on alleged constitutional violations during the first suppression hearing. (*Id.*)

The Court dismissed the petition without prejudice on August 25, 2021. (Docs. 8–9.) The Court noted that Diaz had not exhausted state court remedies prior to filing suit in federal court because he had not appealed to the Pennsylvania Supreme Court, and reasoned that, "[w]hen a petitioner seeks habeas corpus relief prior to a final conviction and sentence in state court and the petitioner has not

exhausted state court remedies, a federal court may only entertain the petition in 'extraordinary circumstances.'" (Doc. 8 at 2 (quoting *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975)).) The Court concluded that Diaz had not shown the existence of such extraordinary circumstances because he had not explained why his claims could not be addressed through ordinary error correction on direct appeal. (*Id.* at 2–3.) The Court accordingly found that he was not entitled to habeas corpus relief. (*Id.*)

**II. Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, 07-CV-04560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or

has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996).

In this case, Diaz argues that the Court committed a clear error of law when it concluded that he failed to exhaust state court remedies, because an appeal to the Pennsylvania Supreme Court is not required to exhaust state court remedies in Pennsylvania. (Doc. 12 at 2–3).

Diaz is mistaken. His argument is based on a May 9, 2000 standing order from the Pennsylvania Supreme Court that stated that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." *See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1, 30 Pa.B. 2582 (May 9, 2000), http://www.pacodeandbulletin.gov/Display/pabull?file=/secure/pabulletin/data/vol30/30-22/881.html [hereinafter Order No. 218]; *see also Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004)

(holding that Order No. 218 "renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c")). By its plain language, however, Order No. 218 is limited to "appeals from criminal convictions or post-conviction relief matters." *See* Order No. 218; *see also Mitchell v. Harry*, No. 1:13-CV-00120, 2013 WL 6283691, at *2 (M.D. Pa. Dec. 3, 2013) ("Order 218 does not appear to apply to habeas petitions that are not appeals from criminal convictions or post-conviction relief matters").

Where, as here, a petitioner challenges a pretrial issue in an underlying criminal case and has not yet been convicted and sentenced, he must exhaust his state court remedies through all stages of appeal in the state court system, including the Pennsylvania Supreme Court. *Mitchell*, 2013 WL 6283691, at *2. Thus, the Court did not commit a clear error of law when it concluded that Diaz failed to exhaust state court remedies.

Diaz further argues that the Court committed a clear error of law when it concluded that Diaz failed to show extraordinary circumstances that would permit the Court to issue habeas corpus relief. (Doc. 12 at 4–6). Diaz cites to the exhibits that were attached to his petition and asserts that, if the Court re-reviewed those documents, "it would become quite transparent that the Petitioner has indeed explained why the alleged errors arising from the suppression hearing could not be corrected through ordinary error correction on direct appeal." (*Id.* at 6).

4

Diaz's argument is rejected, as it attempts to reargue a matter that the Court has already decided. *See Ogden*, 226 F. Supp. 2d at 606 (noting that motions for reconsideration may not "reargue matters already argued and disposed of").

## III. Conclusion

For the foregoing reasons, Diaz's motion for reconsideration is denied. An appropriate order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: September 28, 2021